IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

        Plaintiff,

  v.                                   Civil Action 2:16-cv-304
                                       Judge Algenon L. Marbley
                                       Magistrate Judge Jolson

LA WILLIAMS CONSTRUCTION, LLC, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132. Defendants LA Williams Construction, LLC and Louis Williams dba LA Williams Construction were served with a summons and a copy of the complaint on April 14, 2016 (Docs. 3–4), but have failed to plead or otherwise defend this action.  (*See* Doc. 8).  Plaintiffs applied to the Clerk for entry of default (Doc. 9), and the Clerk entered default pursuant to Federal Rule Civil Procedure 55(a) on June 23, 2016 (Doc. 10).  This matter is now before the Court on Plaintiffs' Motion for Default Judgment, seeking default judgment against Defendant LA Williams Construction, LLC.  (Doc. 13).  Plaintiffs also request that the claims against Defendant Louis Williams be dismissed without prejudice.  (*Id*. at 1).

Plaintiffs have established that Defendant LA Williams Construction, LLC entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which it agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. (*See* Doc. 13-3, PAGEID #: 43). The affidavit of Plaintiffs' Contractor Relations Manager (Doc. 13-2), establishes that Defendant LA Williams Construction, LLC owes $10,454.84 in unpaid fringe benefit contributions, liquidated damages, and interest for the period November 2015 through June 2016. (*Id.* at ¶ 3); 29 U.S.C. § 1132(g)(2).

Plaintiffs seek an award of attorney's fees in the amount of $4,733.75, for 19.25 hours billed at the rate of $255.00 and $280.00 per hour. (Doc. 13-1, PAGEID #: 40). Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rates charged are reasonable. (*Id.*).

Plaintiffs are therefore entitled to judgment in the amount of $10,454.84 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $4,733.75.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 13), be **GRANTED**. It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant LA Williams Construction, LLC, and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from LA Williams Construction, LLC, the sum of Ten Thousand Four Hundred Fifty-Four Dollars and Eighty-Four Cents ($10,454.84), including unpaid fringe benefit contributions through June 2016, prejudgment interest, and liquidated damages, and reasonable attorney's fees in the amount of Four Thousand Seven Hundred Thirty-Three Dollars and Seventy-Five Cents ($4,733.75), plus interest from the

date of judgment at the rate of one percent (1%) per month.  Finally, it is **RECOMMENDED** that Defendant Louis Williams be dismissed without prejudice.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  January 4, 2017                                         /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE