IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFITS
PROGRAMS, :
:  Case No. 2:16-CV-00304
Plaintiffs, :
: JUDGE ALGENON L. MARBLEY
v. :
: Magistrate Judge Jolson
LA WILLIAMS CONSTRUCTION, LLC, :
:
et al, :
:
Defendants, :

## OPINION & ORDER

This matter is before the Court for consideration of Plaintiffs', Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs, Motion for Default Judgment. (Doc. 13). Plaintiffs request $10,454.84 in unpaid contributions, interest, and liquidated damages, and $4,733.75 in attorney's fees, and costs. Based on the analysis below, the Court **ADOPTS and AFFIRMS** the Report and Recommendation of the Magistrate Judge, (Doc. 14), **GRANTS** the Motion and **AWARDS** Plaintiffs the requested damages, attorney's fees, and costs.

## I. BACKGROUND

Plaintiffs are the trustees to three employee benefit trusts, established under and administered pursuant to Section 2(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1002(1), and one labor management cooperative trust, authorized by § 302(c)(9) of the Labor Management Relations Act, known collectively as the Ohio Laborer's Fringe Benefit Programs ("Benefit Programs"). Defendants, LA Williams Construction, LLC

1

("LA Williams"), and Louis Williams dba LA Williams Construction, LLC, are employers as defined in Section 2(5) of ERISA, 29 U.S.C. § 1002(5).

On April 6, 2016, Plaintiffs filed a complaint pursuant to § 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a)(3), authorized in part through ERISA § 515, 29 U.S.C. § 1145. The complaint alleged that Defendants entered into a collective bargaining agreement, which bound them to the terms of the agreements and Declarations of Trust establishing the Benefit Programs. Pursuant to these agreements, Defendants were obligated to file monthly contribution reports, permit audits of their financial records, and make monthly contributions to the Benefit Programs. (Doc. 1 at ¶ 4.). The complaint alleged that Defendants breached the agreements by failing to make monthly contributions and refusing to permit an audit of the employers' payroll records, (*id*. at ¶ 6), during the period of November, 2015 through June, 2016. (Doc. 13 at 3).

Upon filing the complaint, Plaintiffs effected service on Defendants who submitted an answer. (Doc. 5). The Court granted Plaintiffs' motion to strike Defendants' answer because Defendants failed to properly answer the complaint. (Doc. 8). Following Plaintiffs' request, the Clerk entered default against Defendants (Doc. 10), and Plaintiffs filed a motion for default judgment against Defendants on January 4, 2017. (Doc. 13).

Plaintiffs now ask the Court to enter judgment against Defendant LA Williams, seeking relief pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) and the terms of the collective bargaining agreements.[1] Plaintiffs specifically request $10,454.84 in liquidated damages and interest for both unpaid contributions and untimely payments, $4,733.75 in attorney fees, interest upon late contributions from the time of judgment at the rate of one percent per

---

[1] Plaintiffs also request that the claims against Defendant Louis Williams be dismissed without prejudice. (Doc. 13 at 1).

month, and costs. (Doc. 13 at 1). Plaintiffs' Counsel has also submitted billing entries and an affidavit detailing his law firm's work on this case (Doc. 13-1), and an affidavit affirming the contractual interest rate of one percent per month upon late contributions (Doc. 13-2). On January 4, 2017, Magistrate Judge Kimberly A. Jolson issued a Report and Recommendation, recommending that the Court grant Plaintiffs' Motion for Default Judgment. (Doc. 14). Defendant, LA Williams, filed an objection on January 17, 2017, summarily disputing the Report and Recommendation. (Doc. 15).

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 55 provides, in relevant part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 55(a). At that point, the party seeking default "must apply to the court for a default judgment." Fed R. Civ. P. 55(b)(2). Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

A determination of defendant's liability, however, does not automatically result in an award for requested damages. Though a district court may grant default judgment for a party's failure to defend, "the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009), quoting *Credit Lyonnais Sec. (USA) Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court may conduct an evidentiary hearing to determine damages, but such a hearing

3

is not required for an entry of default judgment if a detailed affidavit allows a decision on the record. *See Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. v. BCS Contrs., Inc.*, No. 5:12-cv-1565, 2015 U.S. Dist. LEXIS 19950, at *2 (N.D. Ohio Feb. 18, 2015) (finding that affidavits submitted by plaintiffs were sufficient to determine damages in lieu of an evidentiary hearing because plaintiffs were seeking a sum certain and the defendant failed to appear or otherwise defend the action).

Because, read charitably, Defendant objected to the amount of the damages recommended by the Magistrate Judge, the Court will conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**B. Damages**

*1. Statutory Damages*

Section 515 of ERISA provides that an employer obligated to make contributions to a multiemployer benefit plan under the terms of the plan as part of a collective bargaining agreement must make such contributions in accordance with the plan or agreement. 29 U.S.C. § 1145. ERISA authorizes a trustee, as fiduciary to the plan, to enforce that agreement against an employer in violation of its terms by filing a collection action seeking a remedy under § 1132(g)(2). 29 U.S.C. § 1132(a)(3). The remedial provision in § 1132(g)(2) states:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –

4

> > (i) interest on the unpaid contributions, or
>
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> > (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under [section 6621 of the Internal Revenue Code].

When the provision applies, the language of Section 1132(g) mandates that the district court award liquidated damages. *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991). The Court awards damages based on the "unpaid contributions" and "interest on the unpaid contributions" only if there are unpaid contributions on the date of the award. *Id*; (Doc. 13-3, § 3).

As a function of its failure appropriately to answer the complaint, Defendant does not contest that it is obligated to make monthly employer contributions to the Benefit Programs pursuant to the collective bargaining agreements. Further, Defendant does not contest that it failed to make contributions for the months of November, 2015 through June, 2016, and submitted untimely contributions for the months of January, 2016 and May, 2016.

In its motion for default judgment, Plaintiffs seek in part statutory damages under 29 U.S.C. §§ 1132(g)(2)(A)–(C) of $9,022.78 in unpaid contributions and $1,432.06 in liquidated damages and interest, and interest from the time of judgment at a rate of one percent per month. (Doc. 13 at 3). Plaintiffs provided evidence detailing the calculations, including exhibits showing relevant portions of the collective bargaining agreement, a memorandum

calculating the damages, and contribution reports. (Doc. 16). Plaintiffs further support the calculation of statutory damages with the affidavit of Brian Gaston, Contractor Relations Manager of the Benefit Programs. (Doc. 13-2). Based on the preceding evidence, the Court finds that Plaintiffs are entitled to the requested award for statutory damages in the amount of $10,454.84. Interest should run at the rate of one percent per month upon all late and unpaid contributions as stipulated in the collective bargaining agreement. (Doc. 13-3, § 3).

Under 29 U.S.C. § 1132(g)(2)(D), a plaintiff who receives judgment in their favor is entitled to reasonable attorney's fees to be determined by the district court. *Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.*, No. 90-2320, 1991 U.S. App. LEXIS 27036, at *8-9 (6th Cir. Oct. 31, 1991). The Court determines an award for reasonable attorney's fees using the "lodestar" method. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar method begins by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When a district court has determined that the number of hours and the rate for an attorney's fee is reasonable, "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). The Court may determine the reasonableness of an attorneys' fee award based on "evidence supporting the hours worked and rates claimed." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1208 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433).

The Sixth Circuit has held that a trial court "should initially assess the 'prevailing market rate in the relevant community'" when determining a reasonable hourly rate. *Adcock-Ladd v.*

*Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). The Court may rely on a number of different sources to determine the prevailing market rate, including "affidavits, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing reasonable applicable prevailing rates." *See Wilson v. Bridge Overlay Sys.*, No. 2:14-CV-156, 2016 U.S. Dist. LEXIS 4791, at *3-5 (S.D. Ohio Jan. 14, 2016); *Ohio & Vicinity Carpenters' Fringe Benefit Funds*, No. 5:12-cv-1565, 2015 U.S. Dist. LEXIS 19950, at *4 (N.D. Ohio Feb. 18, 2015) (citing *Disabled Patriots of Am. v. Genesis Dreamplex*, *LLC*, No. 3:05 CV 7153, 2006 U.S. Dist. LEXIS 58174, at *2 (N.D. Ohio 2006)).

Plaintiff's counsel has submitted an affidavit supporting the requested attorney fees. (Doc. 13-1). Plaintiffs' counsel has also provided an exhibit listing the work performed for Plaintiffs, brief descriptions of the work, and the hours aggregated per the billing rates of $255 per hour for 12.25 hours and $280 per hour for 5.75 hours for different types of work. (Doc. 16 at 11). This Court has found these rates to be reasonable for work performed in similar matters. *See* Pls.' Mot. for Default J. Ex. D, *Bds. of Trs. of Ohio Laborers' Fringe Ben. Programs v. Akron Insulation & Supply, Inc.*, No. 2:15-cv-2864, 2017 U.S. Dist. LEXIS 27098 at *1 (S.D. Ohio Feb. 27, 2017) (awarding attorney's fees in the amounts of 21.75 hours at $255 per hour and 4.0 hours at $280 per hour for different types of work); Pls.' Mot. for Default J. Ex. D, *Bds. of Trs. of Ohio Laborers' Fringe Ben. Programs v. Pete Gould & Sons, Inc.*, No. 2:16-cv-1206, 2017 U.S. Dist. LEXIS 30363, at *1 (S.D. Ohio Mar. 3, 2017) (awarding 7.0 hours at $280 per hour). The Court finds that the hourly rates proposed here are reasonable.

Plaintiffs' counsel is not "required to record in great detail how each minute of his time was expended" but counsel "should identify the general subject matter of his time expenditures."

7

*Hensley*, 461 U.S. at 437 n.12. The Sixth Circuit has deemed itemized billing records sufficient where such records specify for each entry: (a) the date of billed time; (b) the individual recording the time; (c) the fractional hours billed; (d) the specific task completed; and (e) the information identifying the client. *Imwalle*, 515 F.3d at 553-54. Such entries are sufficient even without explicitly detailed descriptions. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

Plaintiffs have submitted billing entries from Attorney Steven L. Ball totaling 18.0 hours of work. (Doc. 16). The Court finds that the billing entries sufficiently describe the work performed and that the hours expended were reasonable and necessary.

*2. Damages for Untimely Payments*

Plaintiffs also seek liquidated damages for the untimely payments totaling $786.06 for the period of January 2016 to May 2016 pursuant to the terms of the collective bargaining agreement. Though damages for delinquent payments are not recoverable under § 1132(g)(2), a party may seek damages for failure to make timely contributions as stipulated by the provisions of the collective bargaining agreement provided that such damages do not constitute a penalty under federal common law. *Michigan Carpenters Council*, 933 F.2d at 389-90. The Sixth Circuit has held that a provision for liquidated damages must meet two requirements to be enforceable: (1) the harm resulting from the breach "must be very difficult or impossible to estimate;" and (2) "the amount fixed must be a reasonable forecast of just compensation for the harm caused." *Bricklayers Pension Trust Fund v. Rosati, Inc.*, 23 F. App'x. 360 (6th Cir. 2001).

The collective bargaining agreement in this case contains the following liquidated damages provision:

> If contributions are not received by the fifteenth (15th) day of the month, following the month in which the work was performed, the Contractor will be subjected to and agree to pay liquidated damages of ten percent (10%) plus one percent (1%) interest per month for each month the Contractor is delinquent to

cover the additional cost and expenses of continuing administration during the period of delinquency.

(Doc. 13-3). This Court has found this same provision to be enforceable. *Bds. Of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Bihn Excavating, Inc.*, No. 2:03-CV-875, 2005 U.S. Dist. LEXIS 11965, at *9-10 (S.D. Ohio June 17, 2005). Plaintiffs are therefore entitled to ten percent liquidated damages and one percent interest on the $786.06 in untimely payments.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS and AFFIRMS** the Magistrate Judge's Report and Recommendation, and **AWARDS** against Defendant, LA Williams, $10,454.84 in unpaid contributions, liquidated damages, and interest for the period November 2015 through June 2016, $4,733.75 in attorney fees, as well as interest from the time of judgment at the rate of one percent per month. The Court shall consider Plaintiffs' request to dismiss claims against Defendant Louis Williams to be a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and therefore **DISMISSES** Defendant Louis Williams without prejudice. (Doc. 13 at 1).

**IT IS SO ORDERED.**

                                               **s/ Algenon L. Marbley**
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: July 5, 2017**